BOSTON & MAINE RAILROAD *vs.* LEWIS DURGIN.

York.    Decided October 29, 1877.

*Forcible entry and detainer.*

The stringers of Cataract bridge rested, one end on an abutment in the city of Saco, the other on a pier in which the plaintiffs' railroad and the city had each an interest but which the plaintiffs were bound to maintain.   To these stringers, beams were fastened and projected at right angles beyond the sides of the bridge.  On these beams, outside of the limits of the highway and over the east branch of the Saco river and over land in which the plaintiffs had no interest, the defendant built, by permission of the city, a shop.   The city made repairs upon Cataract bridge before and after the erection of the shop.  *Held,* that the railroad could not maintain the process of forcible entry and detainer against the defendant for a part of their bridge.

ON REPORT.

FORCIBLE ENTRY AND DETAINER: "For that the defendant at Saco, on the twenty-ninth day of August, A. D. 1874, having before that time had lawful and peaceable entry into the lands and tenements of the plaintiffs, situate in said Saco, to wit : a portion of the bridge of the plaintiffs situate near the street in said Saco, known as Main street, and near the station of the plaintiffs' railroad in said Saco, and whose estate in the premises was determined on the twenty-eighth day of August, A. D. 1874, then did and still does forcibly and unlawfully refuse to quit the same ; although the plaintiffs aver that they gave notice in writing to said Lewis Durgin, thirty days before the twenty-eighth day of August aforesaid, to terminate his estate in the premises.   To the damage," etc.

The defendant pleaded not guilty with a brief statement: "That he has never disseized the plaintiffs of the property described in their writ and declaration ; nor has he ever been or become a tenant of the plaintiffs ; nor is he liable to the process of forcible entry and detainer, at the instance of these plaintiffs, to recover the property described in their declaration ; that 'the portion of the bridge' described in the plaintiffs' declaration is not real estate, nor 'a building erected on the land of a third party,' within the meaning and intent of the Revised Statutes of Maine, chapter 94, and so this process is not maintainable therefor.

"That the premises mentioned in the complainants' writ and declaration are not the premises, lands or tenements of the complainants.

"That the respondent owns the building occupied by him, adjoining and attached to the bridge mentioned in the writ and declaration, and has the right (as have the public) generally, to pass and repass over said bridge, to and from said building and over said bridge, and claims no right to occupy any other premises than said building, with the use of the bridge to sustain and reach the same; and hold the said land over which said building hangs, under the owner, the Saco Water Power Company, by its permission and lease.

"That said building was originally attached to said bridge with the consent of all interested therein, indicated by vote of the city of Saco by its officers.

"That before the approval of the act approved February 17th, 1871, being chapter 630 of the private and special laws of 1871, this respondent had a building occupied by him for his business, connected with said Main street bridge, in Saco; there by lawful authority; that in the construction of the extension of the Boston and Maine Railroad it became necessary or desirable to remove said building; that in consideration of its removal and destruction, and of the respondent's forbearing to claim damages therefor, the said corporation (by its agents) agreed to aid in and facilitate the erection of the present building where it now stands, and to allow its continuance there; and the city of Saco, by action of the board of aldermen of said city, having charge of its streets and bridges, assented thereto; and this respondent has ever since occupied the same independently of said corporation and not as tenant under it."

The action originally brought before the municipal court of the city of Saco, was entered here under R. S. c. 94, § 6.

At the trial, the plaintiffs put in a deed from Laconia Company and Pepperell Manufacturing Company, to them dated June 10, 1874, in which in consideration of $3092.04, the grantors released and quitclaimed to them:

"The right to maintain forever the following piers and abutments

erected by said railroad on the line of their road in Biddeford and Saco aforesaid, so far as the same may be upon the lands of said grantors, viz : The pier upon the western bank of Jordan's creek, so called, and the abutment on the east side of the same creek ; the abutment on the west bank of the western branch of the Saco river, and the pier in the middle of the same branch of the river ; the pier in the middle of the east branch of the river, and the arch pier on the east bank of the same branch, the pier of six feet square near the north corner of said company's grist mill, and the pier of the same dimensions on the north side of said railroad, opposite the last pier, so far as the same may be on the land of the grantors ; the next pier east, thirty-five feet long and seven feet wide at the base ; the abutment next east of the last pier, adjoining Front street, in Saco, with its embankment covering an area measuring west thirty-eight feet on the north side of the embankment, and seventy-two feet two inches on the south side of the same embankment, with a breadth of thirty-five feet, four inches at the base of the same; with the land under all of said piers, embankments and abutments ; together with the right to maintain forever the several bridges connecting said piers and abutments over said Jordan's creek, said branches of Saco river and over the land of said grantors in Saco, hereby releasing said Boston and Maine railroad from all damages sustained by the location, construction and operating of said railroad through Biddeford and Saco. And said grantees expressly agree with said grantors to keep said piers, abutments and bridges in such good condition that no injury from them may occur to said grantors. To have and to hold," &c.

Arthur B. Haines, called by the defendant, testified that he oversaw the building of the cataract bridge; there are about fourteen sticks of southern pine timber for stringers. One end of the stringers rests upon the eastern abutment and the other on the centre pier in the middle of the river. These stringers are covered with plank. The same pier in the middle of the river supports both the railroad and the wooden bridge. The iron bridge has nothing to do with the eastern abutment. The wooden stringers come right up near to the iron stringers and the planking

comes over so as to make one smooth surface.  The iron and
wooden stringers are not connected.  Each bridge has separate
supports independent of each other, nothing to do with each other
as to the support of the stringers.  All the stringers upon which
the building rests, rest upon the centre pier and the east abutment.

Upon the foregoing and other facts appearing in the opinion,
the case was reported to the full court for such order as upon the
law and the facts they deem proper.

*G. C. Yeaton*, for the plaintiffs.

*H. H. Burbank*, for the defendant.

APPLETON, C. J.  This is a complaint for forcible entry and
detainer of "a portion of the bridge of the plaintiffs."

The premises occupied by the defendant consist of a small build-
ing owned by the defendant, attached by stringers extending later-
ally from the bridge-stringers and clasped and bolted thereto, to
the westerly side of the bridge over Saco river, in the city of Saco,
by means of which the plaintiffs' railroad crosses the river, and
intersects Main street, crossing both by means of one bridge with
its supports constructed partly of wood and of iron and the whole
covered with continuous wooden planking.  This bridge was erected
in 1872 by the joint co-operation of the railroad and the city, each
furnishing a portion of the material and the railroad all the labor.
The defendant erected this building in pursuance of a license from
the city of Saco, and outside the limits of the street.  The bridge
to which the defendant's building is attached, was repaired by
the city of Saco, both before and after the defendant's building
was erected.

To entitle the plaintiffs to recover, they must bring their case
within the provisions of R. S., c. 94, §§ 1 and 2.

The defendant claims no rights as a disseizor, nor is he one.  He
is not a "tenant holding under a written lease or contract," nor is
he a "person holding under such tenant."  Neither is he a "tenant
at will" of the complainants.  The complaint cannot be sustained
under § 1.

Nor can the complaint be brought within the last clause of § 2
by which the preceding provisions of § 1 are made to "apply to

tenancies of buildings erected on land of a third party." The building is attached to a bridge under which the water is flowing. Besides, the complainants have no interest in or ownership of the building. The purpose of the legislature by the last clause of § 2, was to enable the owner of a building erected on the land of a third person to recover the possession of the same from a tenant who had forfeited his rights and after due notice had refused to quit. The defendant was never a tenant of the complainants.

Indeed, it is not readily perceived what rights the complainants have to interfere. The deed, under which they claim, gives them certain piers, embankments and abutments, "with the land under all of said piers, embankments and abutments," and nothing more. It excludes the land which the defendant's building over-hangs. Nor have they any interest in or title to the building for which they seek to recover possession.

The complainants, owning neither the building which overhangs the Saco river nor the bed of the river which is overhung thereby, cannot maintain this process to recover possession of a building to which they have no title whatsoever.

*Judgment for defendant with costs.*

WALTON, BARROWS, VIRGIN, PETERS and LIBBEY, JJ., concurred.